Receipt Number
557 2 74

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AKIB ABIOLA,

          Plaintiff,

vs.

COUNTY OF GENESEE, a Municipal Corporation,
ROBERT J. REZNICK, Individually and in his Official Capacity,
THOMAS J. ROYAL, II, Individually and in his Official Capacity,
ASHLEY J. POINTER, Individually and in his Official Capacity

          Defendants.

Case: 4:07-cv-11962
Assigned To: Gadola, Paul V
Referral Judge: Scheer, Donald A
Filed: 05-04-2007 At 04:27 PM
CMP ABIOLA V. GENESEE COUNTY ET AL
(DA)

---

**ROBINSON & ASSOCIATES, P.C.**
**DAVID A. ROBINSON (P 38754)**
**THEOPHILUS E. CLEMONS (P 47991)**
Attorneys for Plaintiff
28145 Greenfield Road, Suite 100
Southfield, Michigan 48076
248-423-7234
e-mail: darjd@earthlink.net
e-mail: attyclemons@netscape.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, AKIB ABIOLA, by and through his attorneys ROBINSON & ASSOCIATES, P.C., and for his Complaint against the Defendants states unto this Honorable Court as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of Michigan, against these named defendants in their individual capacities and/or official

capacities. Plaintiff alleges that Defendants violated the Equal Protection Clause of the United States Constitution in arresting and causing him to be prosecuted based upon his race. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1332 and 1343, and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367(a).

2. Plaintiff Akib Abiola, at all times pertinent hereto was domiciled in and resided in West Bloomfield, Michigan, County of Oakland. Plaintiff is African-American.

3. Defendant Robert J. Reznick, was at all times pertinent hereto, a GENESEE County Sheriff's deputy acting under color of law and, upon information and belief acting within the course and scope of his employment. Defendant Reznick is Caucasian. Defendant County of GENESEE is a Municipal Corporation subject to the laws of the State Of Michigan.

4. Defendant Thomas John Royal, II, at all times pertinent hereto, upon information and belief was a resident of the County of GENESEE. Defendant Royal is Caucasian.

5. Defendant Ashley J. Pointer, at all times pertinent hereto, upon information and belief was a resident of the County of GENESEE. Defendant Pointer is Caucasian.

6. The facts, circumstances and conduct which form the basis of this Complaint occurred in the City of Southfield, County of Oakland, State of Michigan.

7. The amount in controversy exceeds the sum of Fifty- Thousand ($50,000.00) Dollars, exclusive of costs, interest and attorneys fees.

## FACTUAL ALLEGATIONS

8. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

9. On or about January 13, 2006, Defendants entered Plaintiff's business office purporting to serve and execute a court order; i.e. a Request And Order To Seize Property.

10. On said date, Plaintiff was the owner of All-American Mortgage Network located at 17515 West Nine Mile Road, Ste. 180, Southfield, Michigan 48075.

11. On said date, Plaintiff's mortgage broker license was displayed on his business office wall.

12. The Request And Order To Seize Property did not authorize Defendants to seize Plaintiff's mortgage broker license.

13. Defendants did not seize any business assets, but rather, only took Plaintiff's mortgage broker license off the wall.

14. Plaintiff verbally protested that Defendants could not take his mortgage license and, in response, Defendants then physically beat Plaintiff about his head and body.

15. Defendants called Plaintiff a "nigger" during this interaction.

16. Defendants pinned Plaintiff to the floor and called Southfield Police to Plaintiff's business office.

17. Upon arrival of the Southfield Police, Defendants told Plaintiff to either immediately pay them an exorbitant sum of money toward satisfaction of the Request And Order To Seize Property, or else go to jail.

18. Defendant Reznick pushed Plaintiff and told Plaintiff he had better come up with thousands of dollars right then and there on the spot, or else Reznick would have him arrested.

19. Plaintiff did not have such sums of money to pay Defendants on the scene.

20. Defendants then intentionally falsely accused Plaintiff of obstructing them, as

court officers in the discharge of their duties, and directed Southfield police to arrest and jail Plaintiff.

21. Defendants caused Plaintiff to be arrested, jailed and prosecuted for obstructing court officers in the discharge of their duties.

22. After Plaintiff bonded out, Defendant Reznick thereafter telephoned Plaintiff and said "you niggers are gonna end up in jail" if Plaintiff didn't immediately come up with some money to satisfy the Order, and that Defendants were going to return and seize all of "you niggers" business assets.

23 Defendants Royal and Pointer, in fact, were not court officers and had no actual legal authority to execute the Request And Order To Seize Property.

24. All charges against Plaintiff were dismissed on motion.

### COUNT I: 42 USC 1983; EQUAL PROTECTION VIOLATION

25. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

26. Defendants acted in a discriminatory manner and that discrimination was intentional.

27. Defendants acted with the purpose to discriminate based upon Plaintiff's membership in a protected class of persons, i.e. Plaintiff is African-American.

28 Defendants caused Plaintiff to be arrested and prosecuted based, in whole or in part, on his race.

29. Defendants executed the Request And Order To Seize Property in the manner that they did based on Plaintiff's race.

30.　As a direct and proximate cause of Defendants conduct Plaintiff suffered injury and damage as more fully set forth below.

## COUNT II : ASSAULT AND BATTERY

31.　Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

32.　The acts and omissions of Defendants as set forth above amounted to unwanted touching of Plaintiff's person, done without his consent, sufficient to constitute an assault and battery, as he was placed in imminent fear of an unlawful, unconsented touching.

33.　The acts and omissions of Defendants as set forth above amounted to an assault and battery committed without justification, privilege or basis in law or fact.

34.　As a direct and proximate result, Plaintiff suffered injury and damage as more fully set forth below.

## COUNT III : FALSE ARREST & IMPRISONMENT

35.　Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

36.　Defendants restrained, and caused Plaintiff to be restrained and deprived of his freedom of movement, and locked in jail.

37.　The arrest and imprisonment was against Plaintiff's will.

38.　The Defendants accomplished the arrest and imprisonment by setting in motion actual physical force.

39.　Defendants actions were intentional and proximately caused an unlawful arrest and imprisonment of Plaintiff, thereby causing injury.

40. As a direct and proximate result, Plaintiff suffered injury and damage as more fully set forth below.

## COUNT IV: GROSS NEGLIGENCE

41. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

42. Defendants owed Plaintiff a duty to perform their respective duties competently without causing unnecessary injury or harm.

43. Defendants breached said duties by their conduct as set forth herein. Moreover Rezick affirmatively directed and/or knowingly failed to prevent the conduct of Royal and Pointer.

44. The acts and omissions of Defendants constituted conduct so reckless as to demonstrate a substantial lack of concern for whether injury resulted to Plaintiff.

45. As the direct and proximate result of the individual Defendants gross negligence, Plaintiff suffered injury and damage as more fully set forth below.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

47. The individual Defendants conduct as set forth above was intentional, extreme, outrageous, and of such character as not to be tolerated by a civilized society.

48. Defendants conduct was for an ulterior motive or purpose.

49. Defendants conduct resulted in severe emotional distress to Plaintiff.

50. As a direct and proximate result of each Defendant's conduct, Plaintiff suffered extreme emotional distress, injury and damage as more fully set forth below.

## COUNT VI: VIOLATION OF MCL 37.2102 (1)
## ELLIOT-LARSON CIVIL RIGHTS ACT MCL 37.2102 (1)

51. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

52. MCL 37.2102(1) prohibits discrimination based on race and ensures full and equal services, advantages and accommodations of law.

53. Defendants denied Plaintiff the full and equal services, advantages and accommodations of law based on his race.

54. As a direct and proximate result of each Defendant's conduct, Plaintiff suffered injury and damages as more fully set forth below.

## COUNT VII: MALICIOUS PROSECUTION

55. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth word for word herein.

56. Defendants initiated and continued prosecution of Plaintiff and the prosecution terminated in Plaintiff's favor.

57. Defendants initiated and continued the prosecution of Plaintiff without probable cause, with malice or a purpose other than to bring the true offender to justice.

58. As a direct and proximate cause of Defendants conduct Plaintiff suffered injury as set forth below.

## DAMAGES

59. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth word for word herein.

60. That as a/the direct and proximate result of each and every one of the named Defendant's actions as set forth within this Complaint, Plaintiff suffered injury and damages, including, but not limited to:

a. Loss of liberty, and criminal defense attorney fees;

b. Physical injury and pain and suffering;

c. Humiliation, outrage, indignity, mental distress, anxiety and sleeplessness, and depression, embarrassment, shock and trauma, extreme emotional distress;

d. Other damages currently unascertainable;

e. Exemplary damages and reasonable attorney fees.

WHEREFORE, Plaintiff Akib Abiola respectfully requests that this Honorable Court grant judgment against the Defendants for whatever amount in excess of Fifty- Thousand ($50,000.00) Dollars to which Plaintiff is found to be entitled, plus interest, costs and attorney fees recoverable under 42 USC 1988.

Respectfully submitted,

ROBINSON & ASSOCIATES, P.C.

DAVID A. ROBINSON (P 47991)
THEOPHILUS E. CLEMONS (P 47991)
Attorneys for Plaintiffs
28145 Greenfield Road, Ste. 100
Southfield, Michigan 48076
248-423-7234

May 3, 2007

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AKIB ABIOLA,

                Plaintiff,

vs.

COUNTY OF GENESEE, a Municipal Corporation,
ROBERT J. REZNICK, Individually and in his Official Capacity,
THOMAS J. ROYAL, II, Individually and in his Official Capacity,
ASHLEY J. POINTER, Individually and in his Official Capacity

                Defendants.

Case: 4:07-cv-11962
Assigned To: Gadola, Paul V
Referral Judge: Scheer, Donald A
Filed: 05-04-2007 At 04:27 PM
CMP ABIOLA V. GENESEE COUNTY ET AL
(DA)

---

**ROBINSON & ASSOCIATES, P.C.**
**DAVID A. ROBINSON (P 38754)**
Attorneys for Plaintiff
28145 Greenfield Road, Suite 100
Southfield, Michigan 48076
248-423-7234

---

### JURY DEMAND

NOW COMES Plaintiff, Akib Abiola, by and through his undersigned attorneys, and hereby demands a trial by jury of each and every matter at issue in the above-entitled cause.

                Respectfully submitted,

                ROBINSON & ASSOCIATES, P.C.

                **DAVID A. ROBINSON (P 47991)**
                **THEOPHILUS E. CLEMONS (P 47991)**
                Attorneys for Plaintiffs
                28145 Greenfield Road, Ste. 100
                Southfield, Michigan 48076
                (248) 423 - 7234

May _3_, 2007

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE:

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## (a) PLAINTIFFS

AKIB ABIOLA

(b) County of Residence of First Listed: Oakland

(C) Attorney's (Firm Name, Address, and Telephone Number)

Robinson & Associates, P.C.
28145 Greenfield Rd., Ste. 100
Southfield, MI 48076 (248) 423-7234

## DEFENDANTS

County of Genesee
Robert J. Reznick
Thomas J. Royal, II
Ashley J. Pointer

County of Residence of First Listed: Genesee

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Case: 4:07-cv-11962
Assigned To: Gadola, Paul V
Referral Judge: Scheer, Donald A
Filed: 05-04-2007 At 04:27 PM
CMP ABIOLA V. GENESEE COUNTY ET AL (DA)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP (For Diversity)

Citizen of Another: [ ] 2 [ ] 2  Incorporated and Principal of Business In Another State: [ ] 5 [ ] 5

Citizen or Subject of a Foreign Country: [ ] 3 [ ] 3  Foreign Nation: [ ] 6 [ ] 6

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

[Checked: 440 Other Civil Rights]

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[x] Original Proceeding

## VI. CAUSE OF ACTION

42 USC 1983 : Equal Protection Clause Violation

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND: $50,000.00

JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

DATE: 5/03/07

SIGNATURE OF ATTORNEY OF RECORD (P-47991)

4/40

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :