UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AKIB ABIOLA,

    Plaintiff,

v.

COUNTY OF GENESEE, a Municipal Corporation, ROBERT J. REZNICK, Individually and in his Official Capacity, THOMAS J. ROYAL, II, Individually and in his Official Capacity, ASHLEY J. POINTER, Individually and in his Official Capacity,

    Defendants.
_____/

Case No. 2:07-cv-11962

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING DEFENDANT COUNTY OF
<u>GENESEE'S MOTION FOR SUMMARY JUDGMENT</u> (Docket 25)**

This is an action claiming violation of the plaintiff's right to equal protection based upon the execution of a seizure order of the Oakland County Circuit Court. The plaintiff alleges that in the course of executing the writ, three individuals executing the process assaulted him, falsely arrested him, and generally subjected him to discrimination on the basis of his race in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution. Plaintiff's claims are based upon 42 U.S.C. § 1983. The complaint originally alleged state law claims of assault and battery, false arrest and imprisonment, gross negligence, intentional infliction of emotional distress, malicious prosecution, and violation of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2102(1), but the Court declined to assert supplemental jurisdiction over those claims, and they were dismissed without

prejudice by order of Judge Gadola dated June 7, 2007. Thus, the sole remaining claim before the Court is Count I of the complaint, alleging that defendants' actions violated the plaintiff's equal protection rights in violation of 42 U.S.C. § 1983.

Genesee County has moved for summary judgment on plaintiff's claim against it on the grounds that a municipality cannot be vicariously liable under Section 1983. For the reasons stated below, the Court will grant Genesee County's motion and enter judgment in its favor and against plaintiff on plaintiff's claim against the county.

## FACTS

For purpose of summary judgment, the Court accepts the following facts in the record asserted and construed in the light most favorable to the plaintiff.

Facts related to the execution of process

The plaintiff, Akib Abiola is a resident of Oakland County, Michigan and is an African-American. Defendants Robert Reznick, Thomas Royal and Ashley Pointer are white. At the time of the incident in question, Reznick and Royal had been deputized by the sheriff of Genesee County, as well as by the sheriffs of Midland and Gladwin counties. Pointer had not been deputized by Genesee County. Reznick and Royal had been deputized pursuant to a request from the City of Coleman Police Department and were issued "other agency" special deputy cards as a result.[1]

---

[1] There is no evidence in the record that either Reznick or Royal were working for the Genesee County Sheriff Department at the time of the incident or in fact ever worked for Genesee County, and the seizure was not at the behest of Genesee County. The facts in the record relating to Mr. Abiola show that Reznick and Royal were executing an order of the Oakland County court in Oakland County on behalf of a private party. The only connection between Genesee County and this case is that Royal allegedly showed his Genesee County "special deputy" badge to Mr. Abiola's son and the building manager to gain access to Mr. Abiola's office.

Abiola at that time was the owner of All-American Mortgage Network ("All American") in Southfield, Michigan.  On January 13, 2006, Royal and Pointer went to the premises of All-American to serve and execute a $131,744.25 Request and Order to Seize Property (the "seizure order")  that had been issued by the Oakland County Circuit Court against All-American at the request of Ameritech Publishing, Inc.  (Def. S.J. Ex.1).  There appears to be no dispute that the seizure order was valid.  When Royal arrived, Abiola was not in his office.  Royal displayed his Genesee County sheriff ID along with a "generic" deputy sheriff badge to Abiola's son and to the building manager to gain access to rooms within the All-American offices.

Abiola received a call from his son that there were deputies at the office and that they wanted to take property. When Abiola arrived, Royal verbally identified himself as a Genesee County Sheriff's Deputy and informed him that they were there to take property on behalf of Ameritech.  Abiola testified that during the seizure process, Royal became angry because of the poor quality of the property and told Abiola that "there's not enough fucking shit around here" and Abiola had to "come up with some money right now."   Royal allegedly removed Abiola's framed mortgage broker's license from the wall and smashed it   Abiola was subsequently beaten "bloody" by both Royal and Pointer, who both threatened him and called him "nigger."   Abiola's son called the Southfield police department and Royal called Reznick.  Abiola was arrested for resisting and obstructing court officers.  Abiola alleges that his arrest was improper and was instigated by Reznick, who told Abiola "come up with some money or you're going to jail."  The charges against Abiola were later dismissed.

3

Following Abiola's release from jail, Reznick allegedly called him repeatedly to collect money. During these telephone calls, Reznick allegedly said "you niggers better come up with some money" and "[y]ou and your nigger lawyer are going to jail."

Facts Related to Genesee County as Defendant

At the time of the Abiola incident, Reznick had been deputized for the purpose of executing civil process for approximately fifteen years. Although Reznick and Royal were deputies, they were not employees of Genesee County at any time. Rather, they were deputized by Robert Pickell, the Genesee County Sheriff, for the purpose of serving civil process. Pickell referred to them as "special deputies," "other agencies," or "process servers," and testified that Reznick had been deputized as a courtesy to the police chief of the city of Coleman to simplify Reznick's process serving in Genesee. Pickell also testified that the special deputy card was for the purpose of executing process within Genesee County, and was not supposed to be used outside the county. Reznick had attended a Genesee County civil process class in order to become a deputy, and testified that he had attended numerous seminars. Royal testified that prior to this incident he had routinely executed writs for seizure in Oakland County using his Genesee County deputy ID. Royal testified that his purpose in showing his Genesee County deputy identification card was to represent himself as a deputy sheriff so that he could execute the writ.

Pickell revoked Reznick and Royal's special deputy status in February 2006, about one month after the incident at issue here. His reason for revoking their deputy status was complaints he had heard about Reznick's conduct in Eaton County and in Rochester and Auburn Hills. In the Auburn Hills incident, Pickell had heard that Reznick had gone into the Chrysler Building and "kind of bullied his way around."

4

Pickell testified that there was no procedure for dealing with complaints about special deputies from persons outside of Genesee County. He also testified that he had prior knowledge from Captain Swanson of Reznick's using his special deputy card in executing process outside the county. There was an annual one-hour class for special deputies, but there was no testing of the deputies by the county itself to ensure that they understood the contents of the class. Genesee County had no written policies or procedures on how to monitor or discipline special deputies. Pickell testified that he didn't monitor them, didn't keep records of them, and didn't evaluate them, and that as he understood it the responsibility for monitoring their conduct lay with the persons on whose behalf they executed process.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The

moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient

to require submission of the issue to the jury. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir.1995).

## ANALYSIS

Genesee County has moved for summary judgment arguing that Abiola's Section 1983 claim cannot be sustained against it because the Supreme Court has held that Section 1983 does not create vicarious liability. Genesee County argues that it cannot be held vicariously liable for the actions of Royal and Reznick and that Abiola has not pled, and cannot demonstrate, that a policy or custom of Genesee County caused the violation of his constitutional rights.

Section 1983 does not permit a municipality to be held vicariously liable for the conduct of others, including their employees. Instead, liability can attach to a municipality under section 1983 only where its policy or custom caused the constitutional violation in question. *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005). Genesee County argues that Abiola has not pled and cannot prove that any policy or procedure of the county led to the alleged violation of Abiola's constitutional rights and therefore summary judgment is appropriate as to the county.

In response, Abiola argues that the evidence in the record shows that Genesee County has failed to adequately train and supervise those who it has made special deputies for the purposes of serving civil process. Abiola argues that such inadequate training and supervision amounts to a custom and policy of the County and that it caused the alleged deprivation of rights and that therefore Genesee County should be held liable for Abiola's

injuries. Genesee County argues in response that Abiola should not be permitted to argue and offer evidence that a custom or policy of the county caused the constitutional deprivation in question because Abiola did not plead such facts in his complaint.

The Sixth Circuit has held that the non-moving party cannot raise a new legal claim in opposition to summary judgment. *Tucker v. Union of Needletrades, Indus. and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2006). Furthermore, once a case has progressed to the summary judgment stage the liberal pleading rules articulated by the Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002) no longer apply. *Id.*

A review of Abiola's complaint shows that Genesee County is correct that there are no allegations that any custom or policy of the county caused the alleged deprivation of Abiola's constitutional rights. The complaint alleges that the action is being brought "against these named defendants in their individual capacities and/or official capacities" and that "Defendants violated the Equal Protection Clause of the United States Constitution in arresting [Abiola] and causing him to be prosecuted based upon his race." Complaint ¶ 1. The complaint alleges that Reznick was a Genesee County sheriff's deputy acting under color of law and within the course and scope of his employment, and that Genesee County is a Michigan municipal corporation. Complaint ¶ 3. The complaint then goes on to allege essentially that Reznick, Pointer and Royal entered Abiola's place of business and violated his constitutional rights and state created rights and committed various torts. Complaint ¶¶ 9-58. Nowhere does the complaint state facts that show that the constitutional violation alleged was caused by a policy or custom of Genesee County. Summary judgment as to the County is appropriate. The plaintiff's arguments now are an attempt to raise new legal claims in opposition to a motion for summary judgment, which is not permissible. Pursuant

8

to the law of *Tucker*, the Court will not consider Abiola's evidence of inadequate training and supervision.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that defendant Genesee County's motion for summary judgment is **GRANTED** (docket 25).

Pursuant to Local Rule 16.1(f) it is further **ORDERED** that the deadline for submission of the proposed joint final pretrial order, as well as the dates of the joint final pretrial conference and of trial, remain as set forth in the Court's scheduling order of June 9th, 2009.

                    S/Stephen J. Murphy, III
                    STEPHEN J. MURPHY, III
                    UNITED STATES DISTRICT JUDGE

Dated: June 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2009, by electronic and/or ordinary mail.

                    S/Alissa Greer
                    Case Manager